UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>REDCANNON SECURITY INC.<br><br>Debtor. | Case No. 15-41700 RLE<br><br>Chapter 7 |

**NOTICE OF OPPORTUNITY FOR HEARING
ON MOTION FOR ORDER APPROVING COMPROMISE**

**TO: THE DEBTOR, CREDITORS AND INTERESTED PARTIES:**

PLEASE TAKE NOTICE that Michael G. Kasolas, the trustee in the above-captioned case ("Trustee"), has filed a motion under Bankruptcy Rule 9019 for an order approving his proposed compromise with Vimal Vaidya, individually and as trustee of the Vimal & Shubhangi Vaidya Revocable Living Trust (collectively, "Vaidya"), based on the terms and merits set forth below.

### The Proposed Compromise

As more particularly set forth in the parties' settlement agreement attached hereto as **Exhibit A**, Vaidya agrees to release all his claims against the estate and to pay the trustee $60,000 in equal quarterly installments commencing April 1, 2016, or, in the event of default, $132,500, with such obligation to be fully secured by the debtor's residence. In exchange, the trustee will dismiss his pending action against Vaidya with prejudice and release him from all known and unknown claims.

### Factual Background and Merits of the Compromise

Vaidya was the chief executive officer and sole shareholder of RedCannon Security Inc. (the "Debtor"), which he founded in 2002. In the year prior to its bankruptcy filing, the Debtor paid a total of $132,500 to Vaidya on account of various loans. The trustee sued to avoid and recover these transfers as insider preferences [Adv. Pro. 15-04086]. In defense, Vaidya asserts offsets under 11 U.S.C. §547 (c)(4) based on alleged new value he extended in the form of unpaid salary. The Trustee disputes Vaidya's defense because he never received a salary from the Debtor. However, the question of whether an owner who never received a salary can assert a new value defense for unpaid services appears to be one of first impression and is therefore amenable to appeal and its attendant costs, risks and delay.

Vaidya also contends that his claims against the estate would substantially dilute other claims so that holders of general unsecured claims would receive less than 1 cent on the dollar if his claims were allowed. His claims are for loans in excess of $9,500,000 and for unpaid salary in excess of $700,000. Other claims in the case consist of a $17,732.18 tax priority claim and $501,879.14 in non-priority unsecured claims. However, Vaidya's proofs of claim were not registered on the claims docket prior to the bar date, apparently due to an error of the court clerk. Vaidya's counsel claims to have hand filed the proofs of claim on November 23, 2015, the

claims bar date. But even if the claims had not been timely filed, Vaidya contends that they are entitled to "informal proof of claim" status, which allows them to be treated as timely filed claims, because the trustee was aware of them during settlement discussions prior to the bar date. Vaidya further contends that his claims are not subject to equitable subordination because he did not commit any bad acts, nor may his loans be re-characterized as equity because they were fully documented as loans and were extended while the debtor was solvent. The Trustee does not strongly dispute such contentions, nor does he believe there would be substantial net benefit in doing so.

In view of all these facts and circumstances, the trustee believes that the proposed compromise will result in the highest potential recovery to creditors and is therefore fair and equitable under the standards set forth under *In re A&C Properties*, 784 F.2d 1377 (9th Cir. 1986), *cert denied*, 479 U.S. 854 (1986) and because (1) it avoids the expense and risks of trying the new value defense; (2) it avoids the expense and risks of litigating any assertion of an informal proof of claim by Vaidya and whether the claims should be deemed timely filed due to the Clerk's purported error; (3) in the event of default, the obligation increases to $132,500; (4) the settlement obligation is fully secured; (5) the settlement ensures Vaidya's cooperation in the trustee's efforts to recover other assets.

## Procedure to Object and Request a Hearing

PLEASE TAKE FURTHER NOTICE that this matter is governed by Bankruptcy Local Rule 9014-1(b)(3), which provides that a request for relief may be made without setting a hearing subject to the following procedure: **any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice; any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position; if there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default. In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

Any objection or request for hearing must be served on the undersigned and filed with the Clerk of the United States Bankruptcy Court, Northern District of California, Oakland Division, 1300 Clay Street, Room 300, Oakland, CA 94612, or in the case via Pacer.

PLEASE TAKE FURTHER NOTICE that the trustee's motion for order approving compromise and supporting declaration are on file and may be obtained from the Bankruptcy Court Clerk, through Pacer at https://ecf.canb.uscourts.gov/, or upon request to the undersigned.

Dated: January 13, 2016      /s/ Mark S. Bostick
[Date of Mailing]      Mark S. Bostick (Bar No. 111241)
     WENDEL, ROSEN, BLACK & DEAN, LLP
     Attorneys for Trustee
     1111 Broadway, 24th Floor
     Oakland, CA 94607-4036
     mbostick@wendel.com

# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into as of January 4, 2016, by and between Michael G. Kasolas ("Trustee"), trustee for the bankruptcy estate of the debtor RedCannon Security Inc. ("RCS" or "Debtor"), Case No. 15-41700 (N.D. Cal) (the "Case") and Vimal Vaidya ("Vaidya"), individually and as trustee of the Vimal & Shubhangi Vaidya Revocable Living Trust. This Agreement is based on the following agreed facts.

## RECITALS

A. RCS filed a petition for relief under chapter 7 of Title 11 of the United States Code on May 28, 2015 (the "Filing Date"), and Trustee was appointed trustee and he continues to serve as trustee of the Debtor's bankruptcy estate (the "Estate").

B. On August 25, 2015, the Trustee filed a complaint in Adv. Pro. 15-04086 against Vaidya (the "Complaint") asserting claims to avoid and recover alleged preferential transfers totaling $124,000 or such amount according to proof (the "Claims")

C. Vaidya asserts new value and ordinary course of business defenses to the Claims and asserts claims against the estate based on loans he or his family trust made to the Debtor in excess $9,600,000 and for unpaid services in the sum of $727,275.

D. The proofs of claim timely filed by non-insider creditors against the Estate ("Creditors") total $519,611.32.

E. The parties wish to avoid the costs, risks and delay of litigation and have agreed to settle their disputes on the terms as set forth herein, subject to entry of an order by the bankruptcy court approving this Agreement (the "Approval Order").

## AGREEMENT

1. **Settlement Payment.** Vaidya will pay the Trustee $60,000 in quarterly installments of $15,000 commencing on April 1, 2016. The quarterly payments shall be due on April 1, 2016, July 1, 2016, October 1, 2016, and January 1, 2017. There shall be a 5 day grace period before any payment may be declared to be late or past due. In the event that a payment is not received by the Trustee within 5 days of any installment due date, the Trustee may notify Vaidya and his counsel at the address provided in Paragraph 14 below that a payment is late and that unless the full installment payment(s) then past due is received by the Trustee within 10 days, the payment obligation shall be deemed in default and the default provisions under Paragraph 7 below shall take effect. Vaidya shall be credited with a discount of 1.5% on any installment which is paid prior to the quarter in which it was due.

2. **Release and Waiver of Claims Against the Estate and Indemnity in Respect Thereto.** Effective upon the Approval Order becoming final and no longer appealable, Vaidya hereby waives any and all claims he or his family trust now holds or may assert against the Estate, including without limitation any claims based on loans or for unpaid services or expenses, except for the obligations provided in this Agreement. Vaidya further agrees to indemnify the Estate and the Trustee from any claims that may be filed by his spouse, family or his or their

assignees or successors in relation to the family trust or the subject matter hereof ("Insider Claims"). Such indemnity obligation shall include any attorneys' fees or costs incurred by the Trustee to administer such Insider Claims and any diminishment in the amount of dividends paid to Creditors as a result thereof.

3. **Offer to Purchase Assets of the Estate.** Independent of the payment obligation and release and waiver provisions above, Vaidya offers to purchase all of the Estate's rights and interests in the Debtor's SDN software, patents, and all other software for $10,000 and in its Cloud SLA software for $15,000. Vaidya's offer is subject to overbids. If the Trustee accepts Vaidya's offer(s), then payment shall be due on April 1, 2016. There shall be no delivery requirements of the Trustee as part of the sale(s), except to deliver a duly executed bill of sale. However, the Trustee shall reasonably cooperate with Vaidya in requesting and effectuating turnover of related source code from SNS Technologies, Inc.

4. **Release of Vaidya by Trustee.** Effective upon the Approval Order becoming final and non-appealable, the Trustee hereby releases Vaidya from all claims and obligations he now holds or may assert against Vaidya or his family trust, whether known or unknown, except for the obligations provided in this Agreement.

    **4.1 Civil Code Section 1542 Waiver.** With respect to the releases given in this Agreement, each party waives any and all rights which she/he/it may have under the provisions of California Civil Code Section 1542 , which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

5. **Dismissal of Complaint with Prejudice.** Promptly upon the Approval Order becoming final and non-appealable, the Trustee shall file a Notice of Dismissal of the Complaint with prejudice.

6. **Cooperation.** Vaidya shall reasonably cooperate with the Trustee in his efforts to prosecute the Estate's complaint to avoid and recover transfers from Ariose Software Inc, aka Ariose Software, PVT, Ltd. ("Ariose"), and will continue to cooperate with the Trustee in his efforts to obtain possession of any assets of the Estate. Cooperation in connection with the Ariose lawsuit shall be limited to supplying facts regarding the Debtor's transfers to Ariose and Ariose's business activity in the United States for purposes of establishing jurisdiction.

7. **Security.** All of Vaidya's obligations under this Agreement except those under Section 3 above, shall be secured by a second position deed of trust on his personal residence located at 720 Vista Cerro Terrace, Fremont, California, 94539 (the "Trust Deed"). The Trustee shall re-convey the Trust Deed promptly upon Vaidya's full performance of his financial obligations under this Agreement.

8. **Remedies upon Default.** In the event of a default under this Agreement, except under Section 3 above, following opportunity to cure as provided under Paragraph 1 of this Agreement,

the sum of $132,500, less any payments theretofore made, shall become immediately due and payable and the Trustee may proceed to foreclose under the Trust Deed on account of such default. Moreover, in the event of default, interest shall accrue on the matured debt at the rate of 5% per annum and any costs relating to collection and/or foreclosure may be added to the debt.

9. **Attorney Fees.** In the event of any default under this Agreement except one under Section 3, the party seeking to enforce the provisions of this Agreement shall be entitled to recover all of its reasonable attorneys' fees and expenses incurred to enforce this Agreement, whether or not formal litigation is instituted, and irrespective of any type of action or proceeding that the party seeking enforcement may institute. No attorneys' fees may be recovered unless and until a demand to cure a specific default is made in writing to the party against whom enforcement is sought by the party seeking to recover attorneys' fees.

10. **No Admission.** Nothing herein shall be construed as an admission by any party of any liability of any kind.

11. **Governing Law.** This Agreement shall be governed by and interpreted according to the laws of the State of California.

12. **Construction of Document.** Each of the parties to this Settlement Agreement have participated, through their respective counsel, in the drafting and negotiation of this Agreement; hence, in any construction to be made of this Settlement Agreement, the terms of this Agreement shall be construed as a whole according to its fair meaning, and not against any of the parties hereto based on the extent of their participation in the drafting or negotiation process.

13. **Final Expression.** This Settlement Agreement (a) integrates all the terms and conditions mentioned herein or therein or incidental hereto or thereto, (b) supersedes all negotiations, oral and prior writings with respect to the subject matter hereof and thereof, and (c) is intended by the parties as the final expression of the Agreement with respect to the terms and conditions set forth in this Agreement, and any such payment or instrument and as the complete and exclusive statement of the terms agreed to by the parties.

14. **Consent to and Retention of Bankruptcy Court Jurisdiction.** All parties hereto consent to the jurisdiction of the United States Bankruptcy Court assigned in the Case to issue final orders with respect to any dispute concerning this Agreement and to its retention of jurisdiction to resolve any dispute that may arise under this Agreement.

15. **Notice.** For purposes of notice under this Agreement, notice shall be transmitted by way of letter which shall be mailed, first class, postage prepaid, and by email transmission, both, to the following persons:

15.1. To Michael G. Kasolas, by email to MBostick@wendel.com and trustee@Kasolas.net and by U.S. Mail first class to Mark Bostick, Wendel, Rosen Black & Dean, 1111 Broadway, 24th Floor, Oakland, California, 94607;

15.2. To Vimal Vaidya by email to vkvaidya@gmail.com and by U.S. Mail first class to Vimal Vaidya, 720 Vista Cerro Terrace, Fremont, Ca 94539; and

15.3. To Reno Fernandez by email to reno@macfern.com and by U. S. Mail first class to Macdonald Fernandez LLP, 221 Sansome Street, Third Floor, San Francisco, CA 94104; and

15.4. Service of any notice under this Section shall be deemed complete and effective from the date of electronic transmission and mailing.

**16. Counterparts.** This Agreement may be executed in counterparts which, taken together, shall constitute one and the same agreement and shall be effective as of the date first written above.

IN WITNESS WHEREOF, the parties to this Agreement affirm that they are duly authorized to execute this Agreement have duly executed it on the day indicated below.

Dated: 1/4/2016 _____
Vimal Vaidya

Dated: 1/4/2016 _____
Vimal Vaidya, trustee of the Vimal & Shubhangi Vaidya Revocable Living Trust

Dated: 1/3/16 _____
Michael G. Kasolas, Trustee


**APPROVED AS TO FORM**
Macdonald Fernandez LLP

_____
Reno Fernandez
Counsel for Vimal Vaidya


WENDEL ROSEN BLACK & DEAN LLP

_____
Mark S. Bostick
Counsel for Michael G. Kasolas, Trustee

# CERTIFICATE OF SERVICE

I, Jeanne Rose, declare:

I am a citizen of the United States and am employed in Alameda County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1111 Broadway, 24th Floor, Oakland, California 94607-4036.

On January 13, 2016, I served a copy of the following document(s):

**NOTICE OF OPPORTUNITY FOR HEARING ON MOTION FOR ORDER APPROVING COMPROMISE**

to the parties listed below by placing a true and correct copy thereof enclosed in a sealed envelope with first-class postage prepaid in a designated area for outgoing mail, addressed as set forth below. At Wendel, Rosen, Black & Dean, LLP, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of Oakland, California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on January 13, 2016, at Oakland, California.

                                                       /s/ *Jeanne Rose*
                                                     JEANNE ROSE

SEE ATTACHED SERVICE LIST.

| Label Matrix for local noticing<br>0971-4<br>Case 15-41700<br>Northern District of California<br>Oakland<br>Fri Dec 11 16:15:27 PST 2015 | Mark Bostick<br>Wendel, Rosen, Black and Dean<br>1111 Broadway 24th Fl.<br>Oakland, CA 94607-4139 | Brad Brak<br>11137 Bandon Dunes Court<br>Las Vegas, NV 89141-4367 |
|---|---|---|
| CA Employment Development Dept.<br>Bankruptcy Group MIC 92E<br>P.O. Box 826880<br>Sacramento, CA 94280-0001 | CA Franchise Tax Board<br>Special Procedures Bankruptcy Unit<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 | Carr & Farrell LLP<br>120 Constitution Dr.<br>Menlo Park, CA 94025-1107 |
| Carr & Ferrell<br>120 Constitution Drive<br>Menlo Park, CA 94025-1107 | Employment Development Department<br>Bankruptcy Group MIC 92E<br>P.O. Box 826880<br>Sacramento, CA 94280-0001 | Forgeahead Solutions, Inc.<br>SNS Technologies, Inc.<br>800 W. El Camino Real #180<br>Mt. View, CA 94040-2586 |
| Franchise Tax Board<br>Bankruptcy Section MS A340<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 | Franchise Tax Board<br>P.O. Box 942867<br>Sacramento, CA 94267-0021 | Franchise Tax Board<br>Special Procedures<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 |
| Michael G. Kasolas<br>P.O. Box 26650<br>San Francisco, CA 94126-6650 | Labor Commissioner<br>1515 Clay St.<br>Room 801<br>Oakland, CA 94612-1463 | Edward O. Lee<br>Law Offices of Edward O. Lee<br>152 Anza St. #101<br>Fremont, CA 94539-5853 |
| Office of the U.S. Trustee/Oak<br>Office of the U.S. Trustee<br>1301 Clay St. #690N<br>Oakland, CA 94612-5231 | RedCannon Security, Inc.<br>c/o Vimal Vaidya<br>720 Vista Cerro Terrace<br>Fremont, CA 94539-6268 | (p)CALIFORNIA STATE BOARD OF EQUALIZATION<br>ACCOUNT REFERENCE GROUP MIC 29<br>P O BOX 942879<br>SACRAMENTO CA 94279-0029 |
| U.S. Attorney<br>Civil Division<br>450 Golden Gate Ave.<br>San Francisco, CA 94102-3661 | Vimal Vaidya<br>720 Vista Cerro Terrace<br>Fremont, CA 94539-6268 | Vimal Viadya<br>720 Vista Cerro Terrace<br>Fremont, CA 94539-6268 |
| Vimal and Shubhangi Vaidya Rev. Liv. Tr.<br>c/o Vimal Vaidya<br>720 Vista Cerro Terrace<br>Fremont, CA 94539-6268 | Wells Fargo Bank N.A.    (114)<br>P.O. Box 6995t<br>Portland, OR 97228 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| State Board of Equalization<br>Collection Dept.<br>P.O. Box 942879<br>Sacramento, CA 94279 | End of Label Matrix<br>Mailable recipients    22<br>Bypassed recipients     0<br>Total                  22 |
|---|---|